UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

JOHN ROBERT DEMOS, JR.,

              Plaintiff,

     v.

JAY INSLEE, Governor of the State of
Washington; ROBERT FERGUSON,
State Attorney General; JULIE MARTIN,
DOC Secretary; DONALD HOLBROOK,
State Penitentiary Superintendent; KECIA
RONGEN, ISRB Chairperson; JANE DOE,
DOC Director of Infectious Disease Control;
JANE DOE, State House of Representatives
Speaker of the House; JOHN DOE, State
Senate Majority Leader; GEORGE
MARLTON, DOC Contract Attorney;
JOHN DOE, DOC WSP Correctional
Officer; JOHN DOE, WSP DOC Shift
Lieutenant; LYNN CLARK, WSP Former
Captain of the Guards; KAREN FORSS,
WSP Medical Supervisor; JOHN DOE,
DOC Chief of Medical Operations;
WILLIAM FRANK JOHN SMITH, WSP
Medical Doctor; MANUEL LOUIS
SANTANA, WSP Correctional Officer;
JOHN DOE, WSP Business Manager; JOHN
DOE, WSP Mailroom Supervisor; JOHN
DOE, WSP Food Manager; GARY PIERCE,

NO:  4:20-CV-5062-TOR

ORDER DENYING PENDING
MOTIONS, TERMINATING
CERTAIN DEFENDANTS AND
GRANTING SECOND
OPPORTUNITY TO AMEND OR
VOLUNTARILY DISMISS

ORDER DENYING PENDING MOTIONS, TERMINATING CERTAIN
DEFENDANTS AND GRANTING SECOND OPPORTUNITY TO AMEND OR
VOLUNTARILY DISMISS ~ 1

WSP Disciplinary Hearings Officer;
ROCHELLE STEPHENS, WSP Legal
Liaison; STEVE SINCLAIR, DOC
Secretary; and ROBERT HERZOG, DOC
Director of Prisoner Operations,

                                Defendants.

By Order filed June 22, 2021, the Court advised Plaintiff, a prisoner at the Washington State Penitentiary ("WSP") of the deficiencies of his initial complaint and directed him to amend or voluntarily dismiss within sixty days. ECF No. 16. Specifically, Plaintiff's claims against the WSP Superintendent and the Jane Doe chairperson of the Indeterminate Sentencing Review Board ("ISRB") regarding the novel Coronavirus Disease 2019 ("COVID-19"), were insufficient to state a claim upon which relief may be granted, as Plaintiff had failed to allege facts showing that either Defendant was aware of constitutional violations or that they established a policy that caused the violations. *Id.* at 4.

Furthermore, Plaintiff did not present facts showing that he was being subjected to an unreasonable risk to his health or safety and that Defendants Holbrook and Doe were deliberately indifferent to that risk. *See Farmer v. Brennan*, 511 U.S. 825, 834-37 (1994). Indeed, he did not identify a single COVID-19 case at the WSP when he filed this action on March 21, 2020, ECF No. 1.

On June 29, 2021, Plaintiff filed a First Amended Complaint consisting of 57 pages. Plaintiff now identifies the ISRB chairperson as Kecia Rogen and complains

ORDER DENYING PENDING MOTIONS, TERMINATING CERTAIN DEFENDANTS AND GRANTING SECOND OPPORTUNITY TO AMEND OR VOLUNTARILY DISMISS ~ 2

1  that she did not find him "parolable" in June 2020, which, in turn, allegedly subjected
2  Plaintiff to a high risk of contracting COVID-19.  ECF No. 17 at 16–17.  Plaintiff
3  names 23 additional Defendants, including Beth Schubach, the PREA[1] Coordinator
4  for the Department of Corrections ("DOC"), claiming that she should have released
5  him into the community to receive prison rape therapy and counseling because he is
6  a "verified P.R.E.A. victim." *Id.* at 17.

7          In addition, Plaintiff asserts that Defendants Governor Jay R. Inslee, State
8  Attorney General Robert Ferguson, DOC Secretary Julie Martin, WSP
9  Superintendent Donald Holbrook, ISRB Chairperson Kecia Rongen, DOC PREA
10  Coordinator Beth Schubach, State House of Representative Speaker of the House
11  Jane Doe, State Senate Majority Leader John Doe, DOC Secretary Steve Sinclair
12  and DOC Director of Prison Operations Robert Herzog refused to issue an order
13  mandating Plaintiff's immediate release "while Covid-19 prowls about like an
14  enraged tiger" from 2019 to 2021 in violation of the Eighth Amendment prohibition
15  against cruel and unusual punishment.  ECF No. 17 at 9–10.  Plaintiff also asserts
16  that Defendants Holbrook, Martin, Ferguson, Sinclair and Herzog failed to ensure
17  their "Covid-19" orders were carried out.  *Id.* at 16.  These conclusory assertions are
18  insufficient to cure the deficiencies of the initial complaint.

19

20

---

[1]        Prison Rape Elimination Act.

ORDER DENYING PENDING MOTIONS, TERMINATING CERTAIN
DEFENDANTS AND GRANTING SECOND OPPORTUNITY TO AMEND OR
VOLUNTARILY DISMISS ~ 3

On July 8, 2021, Plaintiff filed six motions and 19 separate Affidavits (unsworn), ECF Nos. 18, 19, 20, 21, 22, 23 and 24.  The Court has reviewed Plaintiff's submissions and finds that his conclusory assertions again fail to state a claim upon which relief may be granted.

In essence, Plaintiff is complaining that he should have been released from incarceration, but he was not.  A prisoner does not have a constitutional right to be released prior to the expiration of a valid sentence.  *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979).  Furthermore, if a state prisoner challenges the fact or duration of his confinement or seeks a determination that he is entitled to release or a shortening of his period of confinement, his only federal remedy is a writ of habeas corpus, with its requirement of exhaustion of state remedies.  *See Preiser v. Rodriguez*, 411 U.S. 475, 487-90 (1973); *Heck v. Humphrey*, 512 U.S. 477, 481 (1994).  A § 1983 claim is not the appropriate vehicle for a prisoner to challenge his underlying state conviction and sentence by seeking injunctive relief.  *Preiser*, 411 U.S. at 489 ("a state prisoner challenging his underlying conviction and sentence on federal constitutional grounds in a federal court is limited to habeas corpus . . . he cannot bring a § 1983 action, even though the literal terms of § 1983 might seem to cover such a challenge").

For these reasons, Plaintiff is not entitled to the relief he seeks in his "Motion for Emergency Relief," that is, his immediate release pending the outcome of this

ORDER DENYING PENDING MOTIONS, TERMINATING CERTAIN DEFENDANTS AND GRANTING SECOND OPPORTUNITY TO AMEND OR VOLUNTARILY DISMISS ~ 4

1    civil suit. ECF No. 20. The Court notes that whether a person is housed in prison

2    or residing in the community, the COVID-19 virus continues to spread throughout

3    society and fear of the virus does not warrant immediate release. Therefore, the

4    Motion for Emergency Relief, ECF No. 20, and the Motion to Expedite, in which

5    Plaintiff again asserts that he is "in imminent danger" of COVID-19 and the Delta

6    variant and lives in "terror of instant or unexpected death," ECF No. 21, are

7    **DENIED**.

8                                    **ADDITIONAL MOTIONS**

9         In another Motion filed July 8, 2021, Plaintiff seeks to supplement his

10    pleadings with affidavits. ECF No. 18. The Court has reviewed Plaintiff's most

11    recent affidavits (unsworn), ECF No. 24 at 1–19, which were filed in addition to the

12    seventeen affidavits (declarations) submitted with his First Amended Complaint,

13    ECF No. 17 at 24–40. The Court has referenced some of the newly added affidavits

14    in this Order. Nevertheless, the Court finds that the assertions contained in the

15    affidavits do not advance this litigation. Therefore, Plaintiff's Motion to Supplement

16    the Pleadings, ECF No. 18, is **DENIED.**

17         Plaintiff is advised that he does not need to submit exhibits, affidavits,

18    grievances, witness statements, or any other materials with his complaint. Any

19    documents Plaintiff chooses to submit must relate directly to the claims presented in

20    the complaint. Plaintiff must specify which portion of the "exhibit(s)" (i.e., page

ORDER DENYING PENDING MOTIONS, TERMINATING CERTAIN
DEFENDANTS AND GRANTING SECOND OPPORTUNITY TO AMEND OR
VOLUNTARILY DISMISS ~ 5

1  and paragraph) he is relying on to support the specific fact(s) of the claims presented

2  in the complaint.  Plaintiff has not done this.  The Court will not comb a litigant's

3  exhibits in search of a claim not clearly and concisely presented in the complaint.

4   Plaintiff also seeks to amend his complaint.  ECF No. 19.  Because the Court

5  will be granting Plaintiff a second and final opportunity to amend his complaint, the

6  Motion to Amend Complaint, ECF No. 19, is **DENIED as moot.**

7   Plaintiff's final two motions filed on July 8, 2021, concern his request to have

8  this Court issue a criminal complaint, ECF No. 22, and to transfer the criminal issues

9  in his complaint to the U.S. Attorney, ECF No. 23.  He presents several affidavits in

10  support of these requests.  *See* ECF No. 24 at 2, 9, 10 and 11.

11   Private citizens can neither bring a direct criminal action against another

12  person nor can they petition the federal courts to compel the criminal prosecution of

13  another person.  *See Maine v. Taylor*, 477 U.S. 131, 137 (1986); *Leeke v.*

14  *Timmerman*, 454 U.S. 83, 86–87 (1981); *United States v. General Dynamics Corp*.,

15  828 F.2d 1356, 1366 (9th Cir. 1987).  Plaintiff lacks standing to compel an

16  investigation or prosecution of another person.  *See Linda R.S. v. Richard D*., 410

17  U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in

18  the prosecution or nonprosecution of another.").  As such, Plaintiff is precluded from

19  bringing a criminal complaint in this Court or requesting this Court to compel

20  prosecution based on Plaintiff's asserted charges.  Accordingly, Plaintiff's "Motion

1    for the Issuance of a Criminal Complaint," ECF No. 22, and his "Motion to Transfer

2    Criminal Issues Entailed in this 42 USC 1983 Action to the US Attorney," ECF No.

3    23, are **DENIED.**

4         Attached to the First Amended Complaint is a Motion for the Appointment of

5    Counsel." ECF No. 17 at 57.  Plaintiff asserts that counsel is needed because of the

6    complexity of the issues, the need for pretrial discovery, his inability to investigate,

7    interview witnesses or gather inculpatory evidence, and his ignorance and

8    unfamiliarity with civil rights law.  *Id.*

9         There is no provision for the appointment of counsel at public expense in a

10   suit such as this.  District courts lack authority to require counsel to represent

11   indigent prisoners in 42 U.S.C. § 1983 cases.  *Mallard v. United States Dist. Court*,

12   490 U.S. 296, 309-10 (1989) ("§ 1915(d) does not authorize the federal courts to

13   make coercive appointments of counsel").  In certain exceptional circumstances,

14   the court may request an attorney to voluntarily represent such a plaintiff.  *See* 28

15   U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood

16   v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining

17   whether "exceptional circumstances" exist, the court must consider plaintiff's

18   likelihood of success on the merits as well as the ability of the plaintiff to articulate

19   his claims *pro se* in light of the complexity of the legal issues involved.  *See

20   Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse

ORDER DENYING PENDING MOTIONS, TERMINATING CERTAIN
DEFENDANTS AND GRANTING SECOND OPPORTUNITY TO AMEND OR
VOLUNTARILY DISMISS ~ 7

discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on plaintiff. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances warranting the appointment of voluntary counsel. *Id.*

Here, Plaintiff has failed to demonstrate exceptional circumstances to warrant appointment of counsel. Based on the filings before this Court, this Court finds Plaintiff has demonstrated a reasonable ability to articulate his claims and there is nothing particularly complex about the factual and legal issues presented in the Amended Complaint. Further, based on the evidence currently before this Court, the likelihood of success on the merits is minimal. Accordingly, Plaintiff's request for counsel, ECF No. 17 at 57, is **DENIED**.

On July 20, 2021, Plaintiff filed eleven more motions seeking relief ranging from the return of candy seized during a cell search on July 15, 2021, to his release from incarceration. ECF Nos. 25-35. Having determined that oral argument is not warranted under LCivR 7(i)(3)(B)(iii), Local Civil Rules for the Eastern District of Washington, the Motions were considered without oral argument on the date signed below. Consequently, Plaintiff's Motion to Hold a Telephonic of Video Hearing on Demos' Motions, ECF No. 35, is **DENIED.**

ORDER DENYING PENDING MOTIONS, TERMINATING CERTAIN DEFENDANTS AND GRANTING SECOND OPPORTUNITY TO AMEND OR VOLUNTARILY DISMISS ~ 8

In his "Motion for Release of Property and Return," Plaintiff complains that various candies were seized during a search of his cell and he asks this Court to order their return to him. ECF No. 25. Plaintiff is admonished that a civil action in federal court is not an open forum in which a prisoner may assert any claim that arises concerning his or her incarceration.

Federal Rule of Civil Procedure 18(a) provides that "[a] party asserting a claim, counterclaim, cross-claim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party."

> Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.

*George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (*citing* 28 U.S.C. § 1915(g)); *see also* Fed. R. Civ. P. 20(a)(2) ("Persons ... may be joined in one action as defendants if . . . any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences . . . ."). Claims involving different defendants, and which do not arise out of the same transaction or occurrence, may not be joined in the same action.

ORDER DENYING PENDING MOTIONS, TERMINATING CERTAIN DEFENDANTS AND GRANTING SECOND OPPORTUNITY TO AMEND OR VOLUNTARILY DISMISS ~ 9

This Court is unable to direct the conduct of persons who are not named as defendants in a pending action before the Court.    Furthermore, the Court finds Plaintiff's assertions regarding the confiscation of candy and seeking its return to be so trivial as to not warrant further consideration.    Accordingly, Plaintiff's Motion for Release of Property and Return, ECF No. 25, is **DENIED.**

Plaintiff's Motion for Priority Review of the Denial of Basic Human Needs, Motion for Judicial Intervention, Motion for Preliminary Injunction and Restraining Order, and Motion for Order Requiring DOC to Provide Unobstructed Communication with the US District Court, concern his assertions that he was sanctioned with confinement to quarters for thirty days after being found guilty of a "Rule 558 Violation."    ECF Nos 26, 29, 30 and 31.    Plaintiff contends that because of the cell confinement he has been denied a shower, exercise, cleaning supplies, and telephone access in retaliation for this litigation.    ECF No. 26 at 1-2.    He indicates that a person not named as a Defendant to this action issued the infraction on June 25, 2021.    *Id.* at 1.    In an additional motion titled, "Motion for Breach of Bond Violation Order," Plaintiff claims that Defendants and their agents have subjected him "in violation of their bond, to foul, and 'unconstitutional' living conditions."    ECF No. 34.

The Court is unable to infer from the facts presented that the sanction of thirty days confinement to quarters imposed on July 16, 2021, implicates procedural due

ORDER DENYING PENDING MOTIONS, TERMINATING CERTAIN DEFENDANTS AND GRANTING SECOND OPPORTUNITY TO AMEND OR VOLUNTARILY DISMISS ~ 10

process protections under *Sandin v. Conner,* 515 U.S. 472, 483-84 (1995). The conclusory assertions of retaliation are insufficient to state a constitutional claim under *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005). Furthermore, the temporary conditions Plaintiff describes do not raise constitutional concerns that he is being subjected to cruel and unusual punishment. *See Farmer*, 511 U.S. at 834. Plaintiff provides no support for his conclusory assertion that he, as a convicted felon, cannot now be punished in prison because he is mentally ill, having been diagnosed as suffering from serious mental health trauma resulting from being raped in prison.

The Court will not interfere with the ability of prison staff to manage the prison population. Therefore, Plaintiff's Motion for Priority Review of the Denial of Basic Human Needs, Motion for Judicial Intervention, Motion for Preliminary Injunction and Restraining Order, and Motion for Breach of Bond Violation Order, ECF Nos. 26, 29, 30 and 34, are **DENIED.** Because the Court has scheduled no telephonic conferences in the next thirty days, Plaintiff's Motion for Order Requiring DOC to Provide Unobstructed Communication with the US District Court, ECF No. 31, is **DENIED**.

The Court finds that Plaintiff's Motion for Pretrial Conference and Motion for Discovery, ECF Nos. 27 and 28, are premature and are therefore, **DENIED.** In his Motion for Pretrial Release Due to Covid-19, Plaintiff repeats his assertion that

ORDER DENYING PENDING MOTIONS, TERMINATING CERTAIN DEFENDANTS AND GRANTING SECOND OPPORTUNITY TO AMEND OR VOLUNTARILY DISMISS ~ 11

"confinement in prison is a 'death trap,'" based on his reading of the general orders issued by this Court and the state courts and the Governor's emergency proclamations. For the reasons set forth previously in this Order denying Plaintiff's requests for release, the Motion for Pretrial Release Due to Covid-19, ECF No. 32, is **DENIED**.

In his "Motion to Advance the Docket," ECF No. 33, Plaintiff asks the Court to "advance" his motions on the docket, by which the Court infers that Plaintiff is asking that his motions be filed and noted for hearing. Because this has been accomplished, Plaintiff's Motion to Advance the Docket, ECF No. 33, is **DENIED as moot.**

## PRESENT ACTION

Plaintiff initiated this action on March 21, 2020, contending that he was in "imminent danger" of contracting COVID-19 because prison officials were not taking sufficient measures (i.e., masking and social distancing). ECF No. 1. The Ninth Circuit was persuaded that this qualified Plaintiff for an exemption from the preclusive effects of 28 U.S.C. § 1915(g) and this Court permitted Plaintiff to proceed *in forma pauperis* in this action on June 22, 2021, ECF No. 15.

In the First Amended Complaint, Plaintiff asserts that, due to his confinement at the WSP, he is unable to practice safe social distancing because prisoners are like "sardines in a can." ECF No. 17 at 10. He broadly asserts that the "prison ventilation

ORDER DENYING PENDING MOTIONS, TERMINATING CERTAIN DEFENDANTS AND GRANTING SECOND OPPORTUNITY TO AMEND OR VOLUNTARILY DISMISS ~ 12

system is so poor, that prisoners are forced to breathe the same air, which ramps up the potential for the spread of Covid-19." *Id.* Plaintiff claims he is being "confined in 'a death trap.'" *Id.* He states that he has suffered "blood clots, weight loss, vomiting, fatigue, [and] nose bleeds" as well as "mental, emotional and psychological trauma, nightmares, and recurring flashbacks." *Id.* He presents no facts linking these alleged injuries to the actions of identified Defendants.

Plaintiff asserts that in 2019, 2020 and 2021, prison staff at the WSP "failed to adequately implement social distancing protocols." ECF No. 17 at 16. He claims that Defendant Jane Doe, the DOC Director of Infectious Disease Control, failed to implement social distancing regarding telephones, showers and the recreational yard, thus placing Plaintiff "in the cross hairs of the dreaded zone of "<u>imminent danger</u>." *Id.* at 18. Plaintiff does not state how he has been physically harmed.

Plaintiff makes no assertion in his First Amended Complaint, ECF No. 17, or the subsequently filed Affidavits, ECF No. 24, that he has contracted COVID-19 since he filed this action more than a year ago, or that if he did, identified Defendants have denied him adequate medical care. Plaintiff makes no assertion that he has been denied vaccination(s) for COVID-19.

Rather, Plaintiff states that he is 70 years-old with a "weak immune system," his metabolism has been weakened by four surgeries with the anticipation of a hernia surgery "very soon," and that the added factor of allegedly impure drinking water,

ORDER DENYING PENDING MOTIONS, TERMINATING CERTAIN
DEFENDANTS AND GRANTING SECOND OPPORTUNITY TO AMEND OR
VOLUNTARILY DISMISS ~ 13

increases his vulnerability to contracting COVID-19. ECF No. 17 at 16. In an Affidavit seeking a "Vulnerable Adult Protection Order" under state law, Plaintiff makes similar contentions regarding his age and a "weakened medical condition" that allegedly make him "highly vulnerable" to contagion, infection, disease and sickness. ECF No. 24 at 15.

Plaintiff accuses State legislators of failing to respond to his letters of concern in 2019, 2020 and 2021, and of failing to "personally scrutinize D.O.C.'s compliance with all of the 'Covid-19 protocols.'" ECF No. 17 at 18. These allegations do not state a claim upon which relief may be granted. *See Baltoski v. Pretorius*, 291 F.Supp.2d 807, 811 (N.D. Ind. 2003) ("[t]he right to petition the government for redress of grievances, however, does not guarantee a favorable response, or indeed any response, from state officials"). Accordingly, Plaintiff's allegations against Defendants Jane Doe (State Speaker of the House) and John Doe (State Senate Majority Leader) are subject to dismissal

## ADDITIONAL ALLEGATIONS

A. *Excessive Use of Force*

Plaintiff names Sgt. David Lesser, and John Doe Correctional Officers # 1 thru # 6 as Defendants in the body of the First Amended Complaint, ECF No. 17 at 11, but he does not list these persons as Defendants either in the caption of his First Amended Complaint or among the Defendants listed under section II. Defendant

1    Information.  In addition, Plaintiff numbers his Defendants as "24," ECF No. 17 at

2    8, although he has named 25 persons as Defendants.

3         Regardless, Plaintiff makes unspecified allegations against Sgt. Lesser and

4    John Doe Correctional Officers # 1 thru # 6, claiming they used "excessive,

5    unnecessary and sadistic force" in 2016 when Plaintiff was unable to eliminate

6    bodily waste, and that "came perilously close to costing Plaintiff Demos his life."

7    Because these claims against Sgt. Lesser and John Doe Correctional Officers #1 thru

8    #6, as well as against Defendants John Doe Shift Lieutenant and Captain Lynn Clark

9    occurred in 2016, they are precluded from adjudication by the applicable three-year

10   statute of limitations.

11        The applicable statute of limitations for § 1983 claims under Washington law

12   is three years.  *See RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1058 (9th

13   Cir. 2002); *Millay v. Cam,* 135 Wash.2d 193 (1998) (requiring "bad faith, deception,

14   or false assurances by the defendant and the exercise of diligence by the plaintiff,"

15   for equitable tolling to apply).  The "statute of limitations must be tolled while a

16   prisoner completes the mandatory exhaustion process."  *Brown v. Valoff*, 422 F.3d

17   926, 943 (9th Cir. 2005); *see also Soto v. Sweetman*, 882 F.3d 865, 872 (9th Cir.

18   2018) ("This circuit has, with other circuits, adopted a mandatory tolling provision

19   for claims subject to the Prison Litigation Reform Act.").

20

ORDER DENYING PENDING MOTIONS, TERMINATING CERTAIN
DEFENDANTS AND GRANTING SECOND OPPORTUNITY TO AMEND OR
VOLUNTARILY DISMISS ~ 15

Plaintiff did not file his federal civil rights complaint until March 21, 2020. ECF No. 1. He provides no information indicating the statute of limitations has not run on each of his claims against identified Defendants occurring prior to March 21, 2017. In the absence a basis for equitable tolling, Plaintiff must limit his claims to those which arose after March 21, 2017. Accordingly, Plaintiff's allegations against Defendants John Doe - DOC WSP Correctional Officer and John Doe - WSP DOC Shift Lieutenant, and Lynn Clark - WSP Former Captain of the Guards, are **DISMISSED WITH PREJUDICE** and the Clerk of Court shall **TERMINATE** Defendants John Doe - DOC WSP Correctional Officer and John Doe - WSP DOC Shift Lieutenant, and Lynn Clark - WSP Former Captain of the Guards from this action.

**B.** *Neglect and Mismanagement*

Plaintiff accuses Defendants DOC PREA Coordinator Beth Schubach, WSP Medical Supervisor Karen Foss, WSP Medical Director William Frank John Smith, WSP Business Manager John Doe, WSP Mailroom Supervisor John Doe, WSP Food Manager John Doe, and DOC Grievance Program Manager Jane Doe of "neglect, mismanagement, abuse of authority, misfeance [sic], and malfeasance, cronyism, fraud, 'cover-up,' and shady nebulous & nefarious dealings, such as overcharging, serving unhealthy food for consumption, theft & mismanagement of Plaintiff Demos' Monetary Funds." ECF No. 17 at 11. He claims these actions occurred

1 between 2000 and 2021, and that "serving of unhealthy food places [him] in
2 'imminent danger.'" *Id.*

3       Plaintiff also claims that the theft or mismanagement of his funds has "caused
4 [him] to be unable to pay for the services of a private civil right attorney, or a
5 criminal law attorney, there are also other logistical factors, involved and
6 responsible." ECF No. 17 at 12. Plaintiff presents no facts supporting his
7 contentions that the food is unhealthy, that he was overcharged, or that his funds
8 were stolen or mismanaged.

9       Furthermore, negligence is not actionable under § 1983. *See Davidson v.*
10 *Cannon*, 474 U.S. 344, 347-48 (1986). Therefore, Plaintiff's assertions of neglect
11 or negligence fail to state a claim upon which relief can be granted.

12       Plaintiff also broadly asserts that from 2015 to 2021, Defendants George
13 Marlton, the DOC Contract Attorney, and Rochelle Stephens, the WSP Legal
14 Liaison, failed to pass along Plaintiff's communications to superiors stating that
15 Plaintiff's constitutional rights were being violated by prison staff, thereby placing
16 Plaintiff in "imminent danger." ECF No. 17 at 12. Plaintiff's vague allegations over
17 a broad swath of time do not state a claim upon which relief may be granted.

18 **C.**    ***Governor Inslee***

19       Plaintiff claims that Defendant Governor Jay R. Inslee failed to ensure that his
20 orders related to COVID-19 were being implemented by state correctional officers

and failed to respond to Plaintiff's letters of complaint regarding the negligent failure

to enforce "Covid-19 restrictions" in 2019 and 2020.  ECF No. 17 at 15.  These

allegations do not state a claim upon which relief may be granted.  *See Baltoski*, 291

F.Supp.2d at 811 ("[t]he right to petition the government for redress of grievances,

however, does not guarantee a favorable response, or indeed any response, from state

officials").  Plaintiff also complains that Governor Inslee failed to ensure other laws

regarding social distancing were enforced.  ECF NO. 17 at 22.

"The Eleventh Amendment creates an important limitation on federal court

jurisdiction, generally prohibiting federal courts from hearing suits brought by

private citizens against state governments without the state's consent."  *Sofamor*

*Danek Grp., Inc. v. Brown,* 124 F.3d 1179, 1183 (9th Cir. 1997).  There is an

exception to this jurisdictional bar where the officer sued has "some connection with

the enforcement of the [allegedly unconstitutional] act."  *Ex parte Young*, 209 U.S.

123, 157 (1908).

In the Ninth Circuit, the "connection must be fairly direct; a generalized duty

to enforce state law or general supervisory power over the persons responsible for

enforcing the challenged provision will not subject an official to suit."  *Los Angeles*

*Cty. Bar Ass'n v. Eu*, 979 F.2d 697, 704 (9th Cir. 1992) (*citing Long v. Van de Kamp*,

961 F.2d 151, 152 (9th Cir. 1992)).  If the official "cannot direct, in a binding

fashion, the prosecutorial activities of the officers who actually enforce the law or

ORDER DENYING PENDING MOTIONS, TERMINATING CERTAIN
DEFENDANTS AND GRANTING SECOND OPPORTUNITY TO AMEND OR
VOLUNTARILY DISMISS ~ 18

bring his own prosecution, he may not be a proper defendant." *Planned Parenthood of Idaho, Inc. v. Wasden*, 376 F.3d 908, 919 (9th Cir. 2004); *see also Tohono O'odham Nation v. Ducey*, 130 F. Supp. 3d 1301, 1311 (D. Ariz. 2015) ("Were the law otherwise, the exception would always apply.  Governors who influence state executive branch policies (which virtually all governors do) would always be subject to suit under *Ex parte Young*.  The exception would become the rule.").  "The power to promulgate law is not the power to enforce it."  *In re Abbott*, 956 F.3d 696, 709 (5th Cir. 2020) (*citing Martin v. Occupational Safety & Health Review Comm'n,* 499 U.S. 144, 152 (1991)), *cert. granted, judgment vacated as moot*, 141 S.Ct. 1261 (2021).  Plaintiff's allegations fail to state a claim upon which this Court could grant relief against Governor Inslee.  Accordingly, Plaintiff's claims against Defendant Governor Jay R. Inslee are **DISMISSED WITH PREJUDICE** and the Clerk of Court shall **TERMINATE** Defendant Inslee from this action.

**D.** *Allegations of Prison Rape*

Plaintiff asserts that in 2019 and 2020, Defendant Beth Schubach, the PREA Coordinator, refused to order the release of Plaintiff who is a "verified P.R.E.A. victim," so that he might receive Prison Rape Therapy and Counseling in the community and "implement a modicum of social distancing."  ECF No. 17 at 17.  The Court has already addressed Plaintiff's assertions regarding his release.

In addition, Plaintiff claims that Defendant Schubach did not order that Plaintiff be tested for COVID-19, "as [his] rapists could be Covid-19 positive." ECF No. 17 at 17. Plaintiff contends that he was "anally raped" multiple times in prison and that medical providers at an outside medical center "suspect" that Plaintiff "may have" anal cancer, possibly contracted from being raped in prison. *Id.* Plaintiff does not state when any of these events occurred.

Plaintiff claims the DOC and the Parole Board have "failed to do anything about the rape, or intervene," ECF No. 17 at 17. He speculates that "if [he] didn't know any better, [he] would have to say that the prison rapes were orchestrated by DOC in 'retaliation' for [his] legal proclivities and inclinations." *Id.* In his affidavit labeled, "#30 4A Affidavit In Support, 267 F.2d 866," Plaintiff contends that the DOC orchestrated and set him up to be raped in the 1990s and 2000s because of his "Jewishness." ECF No. 24 at 13.

The Court takes allegations of rape in prison seriously. Nevertheless, Plaintiff has presented no facts from which the Court could infer that identified Defendants have failed to protect him from sexual assault by other prisoners, or denied Plaintiff needed medical treatment. He makes no allegations that he has been diagnosed with anal cancer and is undergoing cancer treatment.

Plaintiff's allegations in his affidavit labeled, "#23 Affidavit "In Support, 475 U.S. 868," of being "victimized" and subjected to "<u>psychological</u> <u>rape</u>" while in

ORDER DENYING PENDING MOTIONS, TERMINATING CERTAIN DEFENDANTS AND GRANTING SECOND OPPORTUNITY TO AMEND OR VOLUNTARILY DISMISS ~ 20

DOC custody are not supported by factual allegations.  ECF No. 24 at 6.  As presented, Plaintiff's broad and conclusory assertions of rape do not state a claim upon which this Court may grant relief.

Furthermore, to the extent that Plaintiff is claiming that he was raped in the "1990s and 2000s," claims arising more than ten, twenty or thirty years ago would be time-barred.  *See RK Ventures, Inc.*, 307 F.3d at 1058.  In addition, Plaintiff's allegation that the parole board engaged in "odious <u>Racial Discrimination</u>," on an unspecified date, ECF No. 17 at 17, is conclusory and speculative and was not brought against any identified Defendant(s).  Plaintiff's allegations against Defendant Schubach for failing to release him in 2019 and 2020, or to order that he be tested for COVID-19 based on rapes that occurred decades earlier, fail to state a claim upon which relief may be granted.

**E.   *Medical treatment***

Plaintiff accuses Defendants DOC Chief of Medical Operations John Doe and WSP Medical Doctor William Frank John Smith of exposing him to "Covid-19" when they failed to ensure that the surgeon contracted to perform Plaintiff's "prostrate [sic] surgery" in 2016 was qualified.  ECF No. 17 at 19.  Plaintiff asserts that he received a second prostate surgery in 2018 because the first surgery was "botched" in 2016.  *Id.*  He claims the 2018 surgery "exposed [him] to a high risk of contracting the infamous Covid-19 virus, placing [Plaintiff] in imminent danger."

ORDER DENYING PENDING MOTIONS, TERMINATING CERTAIN DEFENDANTS AND GRANTING SECOND OPPORTUNITY TO AMEND OR VOLUNTARILY DISMISS ~ 21

1  *Id.*  He asserts that the "botched" prostate surgery in 2016, may also have led to the

2  development of a hernia in 2018.  *Id.*  Because Plaintiff's allegations against

3  Defendants John Doe and Dr. Smith occurred in 2016, they are time-barred and

4  subject to dismissal.  *See See RK Ventures, Inc*., 307 F.3d at 1058.

5      Plaintiff also alleges that Defendant DOC Chief of Medical Operations John

6  Doe failed to adequately supervise medical staff, possibly exposing Plaintiff to

7  "Covid-19" from "dirty & filthy hospital rooms, bloodstained sheets from the prior

8  cell occupant, and the failure of WSP medical staff to wear gloves when serving

9  food, medications or touching the Plaintiff."  ECF No. 17 at 19.  Plaintiff does not

10  state when this occurred.  His assertion of speculative injury does not state a claim

11  upon which relief may be granted.

12      **F.    *Retaliation***

13      Plaintiff states that Defendant WSP Mailroom Supervisor John Doe "lost,

14  misplaced and delayed" outgoing and incoming mail "in retaliation for Demos'

15  Grievances & complaints," particularly his "Covid-19 related letters" to the

16  governor and state legislators in 2019 and 2020, because they "would expose WSP

17  staff's negligence & complicity."  ECF No. 17 at 15 and 19.  These conclusory and

18  speculative assertions do not state a claim upon which relief may be granted.

19      "Within the prison context, a viable claim of First Amendment retaliation

20  entails five basic elements: (1) An assertion that a state actor took some adverse

ORDER DENYING PENDING MOTIONS, TERMINATING CERTAIN
DEFENDANTS AND GRANTING SECOND OPPORTUNITY TO AMEND OR
VOLUNTARILY DISMISS ~ 22

1 action against an inmate (2) because of (3) that prisoner's protected conduct, and

2 that such action (4) chilled the inmate's exercise of his First Amendment rights, and

3 (5) the action did not reasonably advance a legitimate correctional goal," *Rhodes v.*

4 *Robinson,* 408 F.3d 559, 567–68 (9th Cir. 2005); *accord Watison v. Carter*, 668 F.3d

5 1108, 1114–15 (9th Cir. 2012); *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir.

6 2009).  Here, Plaintiff presents no facts supporting a plausible claim that identified

7 Defendants took adverse action against him because he filed grievances and

8 complaints.

9 **G.** *Grievance Activities*

10  Plaintiff asserts that either a John or Jane Doe Grievance Program Manager

11 directed WSP grievance staff to infract Plaintiff for utilizing the grievance process

12 under the guise that Plaintiff was "filing an 'excess' ammount [sic] of grievances"

13 in order to "thwart, intimidate and harass" Mr. Demos. ECF No. 17 at 20.  Plaintiff

14 does not state when this occurred but he claims that he cannot file a "Covid-19

15 grievance for fear of being infracted."  *Id*.  He contends that "the ban on the # of

16 grievances that [he] can file, and the punishments that have been visited on [him] for

17 invoking the grievance process places [him] in imminent danger as well as being

18 violative of [his] 1st Amendment Right of Free Speech."  *Id.*

19  Plaintiff accuses Defendant Gary Pierce, a WSP Disciplinary Hearings

20 Officer, of upholding major infractions finding that Plaintiff had filed excessive

ORDER DENYING PENDING MOTIONS, TERMINATING CERTAIN
DEFENDANTS AND GRANTING SECOND OPPORTUNITY TO AMEND OR
VOLUNTARILY DISMISS ~ 23

1    grievances between 2000 and 2021, despite the federal mandate that Plaintiff exhaust

2    administrative remedies.  ECF No. 17 at 13.  As a result, Plaintiff claims that he lost

3    "good time," privileges and access to constitutional rights, in addition to suffering

4    mental, emotional, psychological, moral, human and spiritual trauma.  *Id.*  Plaintiff

5    states that Defendant Pierce found him guilty of and punished him for (a) filing

6    PREA complaints, (b) filing Covid-19 complaints, and (c) filing legal actions in the

7    courts.  *Id.* at 20.

8         The Court takes judicial notice of the fact that Mr. Demos is well-known as a

9    vexatious litigant.  *See Demos v. U.S. Dist. Court for E. Dist. of Wash*., 925 F.2d

10   1160, 1161 (9th Cir.1991) ("Demos is a prolific litigant. . . . [W]e hold that he has

11   abused the privilege of filing petitions *in forma pauperis* in this court."); *Demos v.*

12   *Kincheloe,* 563 F.Supp. 30, 31 (E.D. Wash. 1982) (entering a prefiling order against

13   Demos because "each and every complaint and petition" filed by Demos "is

14   frivolous, malicious, repetitive, de minimis, wholly insubstantial, or insufficient to

15   invest the court with subject matter jurisdiction....").

16        Plaintiff seems to indicate that he is limited as to the number of grievances he

17   may file or maintain during a given period.  He does not allege how this entirely

18   precludes him from filing a grievance regarding the response to COVID-19.  As

19   presented, Plaintiff has failed to state a claim against either the Doe Grievance

20

ORDER DENYING PENDING MOTIONS, TERMINATING CERTAIN
DEFENDANTS AND GRANTING SECOND OPPORTUNITY TO AMEND OR
VOLUNTARILY DISMISS ~ 24

1   Program Manager or Defendant Pierce upon which relief may be granted.  He

2   presents no facts from which the Court could infer a viable claim of retaliation.

3   **H.**   *Food Service*

4   Plaintiff complains that he has been served food containing pieces of metal,

5   fingernail clippings, small rocks/pebbles and human hair.  ECF No. 17 at 21.  He

6   asserts that his health and safety would be impaired if he accidently consumed any

7   of these items and he would "enter the zone of imminent danger."  ECF No. 17 at

8   21.  Plaintiff complains that he most recently found foreign objects in his food in

9   2019, 2020 and 2021.  He asserts that Defendant John Doe, the WSP Food Manager,

10  has a duty to ensure that Plaintiff is served "clean, safe, edible food," and he asks

11  the Court to note that "Defendant Manuel Louis Santana was found guilty after a

12  D.O.C. investigation of tampering with John Demos' Food Tray."  *Id.*  Plaintiff does

13  not state in this First Amended Complaint when this alleged food tampering took

14  place, or how it relates to his initial claims regarding COVID-19.

15  Regardless, "[t]he fact that the food occasionally contains foreign objects or

16  sometimes is served cold, while unpleasant, does not amount to a constitutional

17  deprivation."  *LeMaire v. Maass,* 12 F.3d 1444, 1456 (9th Cir. 1993) (citation and

18  internal quotations omitted).   As presented, Plaintiff's allegations against

19  Defendants John Doe and Santana fail to state a claim upon which relief may be

20  granted.

ORDER DENYING PENDING MOTIONS, TERMINATING CERTAIN
DEFENDANTS AND GRANTING SECOND OPPORTUNITY TO AMEND OR
VOLUNTARILY DISMISS ~ 25

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20

**I.      *Monetary Deductions***

Plaintiff contends that Defendant John Doe, the WSP Business Manager, has deducted monies from Plaintiff's spendable account for items Plaintiff did not receive, and for debts that are more than five years old.  Plaintiff argues that unpaid debts that are more than five years old must be cancelled.

Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law.  *Baker v. McCollan*, 443 U.S. 137, 146 (1979).  An unauthorized deprivation of property does not constitute a due process violation if a meaningful postdeprivation remedy for the loss is available.  *Hudson v. Palmer*, 468 U.S. 517, 534 (1984).  Washington's tort claims provisions provide a damages remedy to persons who have suffered from the tortious conduct of the State, local government, or their political subdivisions.  *See* RCW 4.96.  Plaintiff's allegations against the Doe Business Manager do not state a federal constitutional claim upon which this Court may grant relief.

**J.      *Clemency/Pardon***

Plaintiff complains that the Governor, State Attorney General and the state clemency and pardon board failed to act on his request for clemency and pardon in 2019 and 2020.  ECF No. 17 at 22.  Again, a prisoner does not have a constitutional right to be released prior to the expiration of a valid sentence.  *Greenholtz*, 442 U.S. at 7.  Plaintiff's allegations fail to state a claim upon which relief may be granted.

**K.**    ***Allegations Concerning Drinking Water***

Plaintiff complains that Defendant Donald Holbrook has not investigated his claims regarding the drinking water at the WSP, thus allegedly placing "Plaintiff's life, safety and well-fare in 'imminent danger.'"    ECF No. 17 at 23.    Plaintiff contends that most prison staff refuse to drink the water and that it may contain lead poisoning; feces; zinc (oxide compound); chromium (compounds); arsenic compounds, nickel compounds, toxins, styrene, formaldehyde compounds; and "other sundry foreign substances, chemicals, metals & agents."    *Id.*  He asserts that this could lead to nausea; blindness and baldness; insanity and premature aging; strokes and heart failure; paralysis and memory loss; headaches and vomiting; difficulty breathing and death.    *Id.*  Plaintiff contends that Defendant Holbrook has a duty to investigate and correct the "dirty drinking water" problem.    *Id.*

Contrary to Plaintiff's assertion, there is no independent constitutional right to an adequate investigation.    *See Gomez v. Whitney*, 757 F.2d 1005, 1006 (9th Cir. 1985) ("[W]e can find no instance where the courts have recognized inadequate investigation as sufficient to state a civil rights claim unless there was another recognized constitutional right involved.").    Plaintiff has presented no facts indicating that the water was tested and found to contain contaminants.    As presented, Plaintiff has presented only speculations, and this is insufficient to state a claim upon which relief may be granted.

ORDER DENYING PENDING MOTIONS, TERMINATING CERTAIN DEFENDANTS AND GRANTING SECOND OPPORTUNITY TO AMEND OR VOLUNTARILY DISMISS ~ 27

1    **L.    *"Counts"***

2        Attached to the Complaint are Counts 1-14, titled, "<u>Personal</u> <u>Involvement</u> <u>of</u>

3    <u>Named</u> <u>Defendants</u>."  ECF No 17 at 41-46, plus an Addendum asserting Plaintiff's

4    involvement in a "consent decree" resulting from *Hoptowit v. Ray*, 682 F.2d 1237

5    (9th Cir. 1982) and *Hoptowit v. Spellman*, 753 F.2d 779 (9th Cir. 1985), along with

6    his contention that the WSP should be placed under "receivership" due to the

7    COVID-19 Pandemic.  *Id.* at 47.  The Court takes judicial notice of the fact that

8    *Hoptowit v. Ray,* Case No. 2:79-cv-00359-WFN, was dismissed with prejudice on

9    August 19, 1999, terminating the permanent injunction and essentially preventing

10   any further complaints being brought under the *Hoptowit* case name and number.

11   *See* ECF No. 1344.  Any claims relating to the *Hoptowit* case may not proceed in

12   this action.

13       In Count #1, Plaintiff asserts that he contracted the following "Covid-19

14   symptoms": (1) loss of appetite; (2) blood clots; (3) fatigue; (4) dizziness; (5) weight

15   loss; (6) vomiting; (7) anemia; (8) memory loss; and (9) blurred vision and watery

16   eyes.  ECF No. 17 at 41.  He states that he continues to suffer from these symptoms

17   as of June 26, 2021.  *Id.*

18       Because it is plausible that Plaintiff's alleged symptoms are not COVID-19

19   related, and because Plaintiff makes no allegation that he suffered any severe acute

20   respiratory symptoms associated with COVID-19 cases, the Court finds his

allegations insufficient to support a claim of constitutional harm.  The Court has reviewed Plaintiff's submissions and finds the vague and conclusory assertions insufficient to state a claim upon which relief may be granted.  *See e.g. Valentine v. Collier,* 993 F.3d 270, 286–89 (5th Cir. 2021).

**SECOND OPPORTUNITY TO AMEND OR VOLUNTARILY DISMISS**

The Court will grant Plaintiff a second and final opportunity to amend his complaint to correct the deficiencies set forth above.  *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), *superseded on other grounds by statute as stated in Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000) (en banc).  Plaintiff may submit a Second Amended Complaint within **thirty (30) days** of the date of this Order which must include sufficient <u>facts showing identified Defendants were deliberately indifferent to Plaintiff's serious health and safety needs concerning COVID-19.</u>

Plaintiff is once again reminded pursuant to the contempt Order signed by Judge McDonald on August 26, 1991, Mr. Demos is prohibited from initiating any civil actions in this District and the Clerk of Court is prohibited from accepting any such actions or from returning such proffers to Mr. Demos. *See* Case No. CS-91-027-JPH (citing inter alia, In re Demos, 500 U.S. 16 (1991) (prohibiting him from filing any extraordinary writs without the payment of the docketing fees)).

Plaintiff is reminded that the Ninth Circuit Court of Appeals only allowed this case to go forward because Plaintiff alleged imminent danger of serious physical

ORDER DENYING PENDING MOTIONS, TERMINATING CERTAIN DEFENDANTS AND GRANTING SECOND OPPORTUNITY TO AMEND OR VOLUNTARILY DISMISS ~ 29

injury.  ECF No. 13 at 2 ("Demos alleged in the complaint that prison officials failed to treat infected persons, require social distancing, or provide testing for staff, visitors, and incarcerated persons, during the coronavirus pandemic."). Accordingly, Plaintiff's SECOND AMENDED COMPLAINT is limited to these assertions.

Plaintiff's amended complaint shall consist of a **short** and **plain** statement showing he is entitled to relief.  **IT SHALL NOT EXCEED TWENTY-FIVE (25) PAGES, INCLUDING THE FORM AND EXHIBITS.**

Plaintiff shall allege with specificity the following:

(1) the names of the persons who caused or personally participated in causing the alleged deprivation of his constitutional rights,

(2) the dates on which the conduct of each Defendant allegedly took place, and

(3) the specific conduct or action Plaintiff alleges is unconstitutional.

Furthermore, Plaintiff shall set forth his factual allegations in separate numbered paragraphs.  THIS SECOND AMENDED COMPLAINT WILL OPERATE AS A COMPLETE SUBSTITUTE FOR (RATHER THAN A MERE SUPPLEMENT TO) THE INITIAL AND FIRST AMENDED COMPLAINTS. Plaintiff shall present his complaint on the form provided by the Court.  The Second Amended Complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it may not incorporate any part of the original complaint

ORDER DENYING PENDING MOTIONS, TERMINATING CERTAIN DEFENDANTS AND GRANTING SECOND OPPORTUNITY TO AMEND OR VOLUNTARILY DISMISS ~ 30

by reference, and **IT MUST BE CLEARLY LABELED THE "SECOND AMENDED COMPLAINT" and cause number 4:20-CV-5062-TOR must be written in the caption.**

**PLAINTIFF IS CAUTIONED THAT IF HE FAILS TO AMEND WITHIN 30 DAYS AS DIRECTED, THE COURT WILL DISMISS THE COMPLAINT FOR FAILURE TO STATE A CLAIM UNDER 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1).**

**IF PLAINTIFF CHOOSES TO AMEND HIS COMPLAINT AND THE COURT FINDS THE SECOND AMENDED COMPLAINT IS FRIVOLOUS, MALICIOUS, OR FAILS TO STATE A CLAIM, THE AMENDED COMPLAINT WILL BE DISMISSED PURSUANT TO 28 U.S.C. §§ 1915A(B)(1) AND 1915(E)(2).**

Alternatively, the Court will permit Plaintiff to voluntarily dismiss his Complaint pursuant to Rule 41(a), Federal Rules of Civil Procedure. Plaintiff may submit the attached Motion to Voluntarily Dismiss the Complaint within **thirty (30) days** of the date of this Order or risk dismissal under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2).

Plaintiff is still obligated to pay the full filing fee of $350.00. However, if Plaintiff elects to take a voluntary dismissal within the 30-day period, Plaintiff may simultaneously file a separate Declaration and Motion to waive collection of the

ORDER DENYING PENDING MOTIONS, TERMINATING CERTAIN DEFENDANTS AND GRANTING SECOND OPPORTUNITY TO AMEND OR VOLUNTARILY DISMISS ~ 31

remaining balance of the filing fee in this action.  The Court will grant such a motion only for good cause shown.  In no event will prior partial payments be refunded to Plaintiff.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Appointment of Counsel, **ECF No. 17 at 57**, Motion to Supplement the Pleadings, **ECF No. 18**, Motion to Amend Complaint, **ECF No. 19**, Motion for Emergency Relief, **ECF No. 20**, Motion to Expedite, **ECF No. 21**, Motion for the Issuance of a Criminal Complaint, **ECF No. 22**, Motion to Transfer Criminal Issues Entailed in this 42 USC 1983 Action to the US Attorney, **ECF No. 23**, Motion for Release of Property and Return, **ECF No. 25**, Motion for Priority Review of the Denial of Basic Human Needs, **ECF No. 26**, Motion for Pretrial Conference, **ECF No. 27**, Motion for Discovery, **ECF No. 28**, Motion for Judicial Intervention, **ECF No. 29**, Motion for Preliminary Injunction and Restraining Order, **ECF No. 30**, Motion for Order Requiring DOC to Provide Unobstructed Communication with the US District Court, **ECF No. 31**, Motion for Pretrial Release Due to Covid-19, **ECF No. 32**, Motion to Advance the Docket, **ECF No. 33**, Motion for Breach of Bond Violation Order, **ECF No. 34**, and Motion to Hold a Telephonic of Video Hearing on Demos' Motions, **ECF No. 35**, are **DENIED**.

ORDER DENYING PENDING MOTIONS, TERMINATING CERTAIN DEFENDANTS AND GRANTING SECOND OPPORTUNITY TO AMEND OR VOLUNTARILY DISMISS ~ 32

2. Plaintiff's allegations against Defendants John Doe - DOC WSP Correctional Officer and John Doe - WSP DOC Shift Lieutenant, and Lynn Clark - WSP Former Captain of the Guards, are **DISMISSED WITH PREJUDICE** and the Clerk of Court shall **TERMINATE** Defendants John Doe - DOC WSP Correctional Officer and John Doe - WSP DOC Shift Lieutenant, and Lynn Clark - WSP Former Captain of the Guards from this action.

3. Plaintiff's claims against Defendant Governor Jay R. Inslee are **DISMISSED WITH PREJUDICE** and the Clerk of Court shall **TERMINATE** Defendant Inslee from this action.

4. Plaintiff shall **AMEND** or **VOLUNTARILY DISMISS** his First Amended Complaint within **30 days of the date of this Order** pursuant to the instructions set forth above, or risk dismissal under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2).

**IT IS SO ORDERED.** The Clerk of Court is directed to enter this Order and forward a copy to Plaintiff, along with a form Motion to Voluntarily Dismiss Complaint, **and a civil rights complaint form**.

DATED July 22, 2021**.**



THOMAS O. RICE
United States District Judge

ORDER DENYING PENDING MOTIONS, TERMINATING CERTAIN DEFENDANTS AND GRANTING SECOND OPPORTUNITY TO AMEND OR VOLUNTARILY DISMISS ~ 33

1
2
3
4
5

UNITED STATES DISTRICT COURT

6

EASTERN DISTRICT OF WASHINGTON

7

JOHN ROBERT DEMOS, JR.,

8

Plaintiff,

v.

9

JAY INSLEE, Governor of the State of
Washington; et al,

10

11

Defendants.

NO:  4:20-CV-5062-TOR

MOTION TO VOLUNTARILY
DISMISS COMPLAINT

12

Plaintiff JOHN ROBERT DEMOS, JR., requests the court grant his Motion

13

to Voluntarily Dismiss the Complaint pursuant to Rule 41(a), Federal Rules of

14

Civil Procedure.  Plaintiff is proceeding *pro se*; Defendant has not been served in

15

this action.

16

**DATED** this_____day of _____ 2021.

17
18
19

_____

JOHN ROBERT DEMOS, JR.

20

MOTION TO VOLUNTARILY DISMISS COMPLAINT -- 1